**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY GALLEGOS, | ) Case No.: 1:17-cv-00183-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| MANUEL PEREZ, et al., | ) [ECF No. 1] |
| Defendants. | ) |

Plaintiff Johnny Gallegos is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 27, 2017. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed February 10, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff arrived at the Madera County Department of Corrections on October 8, 2016. Plaintiff did not receive an orientation packet which has information regarding the Prison Rape Elimination Act, 42 U.S.C. § 15602, and a toll-free telephone number to report misconduct.

Plaintiff filed a grievance on December 27, 2016, regarding an ongoing pattern of verbal sexual abuse and/or misconduct by correctional officers. During the first week of January 2017, officer Dickson made a verbal comment to Plaintiff while he was bird bathing stating "man is that all you while looking at his groin area." On or about January 12, 2017, officer Dickson made a second sexual comment stating "man that's a heavy mustache[e]." Plaintiff notified officer J. Quick of the non-posting of the Prison Rape Elimination Act and then took it upon himself to call the toll-free number which was inoperable.

# III.

# DISCUSSION

### A.     Section 1983 Liability

The Civil Rights Act, codified at 42 U.S.C. § 1983 "is not itself a source of substantive rights,

but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor,

490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

> [Section 1983] creates a cause of action against a person who, acting under color of state law,
> deprives another of rights guaranteed under the Constitution.  Section 1983 does not create any
> substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by
> governmental officials.  To prove a case under section 1983, the plaintiff must first
> demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted
> in the deprivation of a constitutional right or federal statutory right. [citation omitted].

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

At a minimum, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a

person was acting under color of state law at the time the act complained of was committed; and (2)

that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution

or laws of the United States.  Paratt v. Taylor, 451 U.S. 527, 535 (1981).  To warrant relief under the

Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the

deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

1993).  Thus, the statute plainly requires that there be an actual causal connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

### B.     Sexual Harassment Claim

"[P]re-adjudication detainees retain greater liberty protections than convicted ones."  Jones v.

Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  As a pretrial detainee, Plaintiff is

protected from conditions of confinement which amount to punishment.  Bell v. Wolfish, 441 U.S.

520, 535-536 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-1018 (9th Cir. 2010).

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but

Courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.

See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d

3

410, 418-19 (9th Cir. 2003). However, the legal standard for deliberate indifference is somewhat different for pretrial detainees. "[U]nder the Eighth Amendment, a prison official cannot be found liable under the Cruel and Unusual Punishment Clause for denying an inmate humane conditions of confinement 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Castro v. Cty of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Under the Fourteenth Amendment, courts look to determine whether the defendant's conduct is "objectively unreasonable." Id. at *7.

Verbal harassment and/or abuse of prisoners by guards do not state a constitutional deprivation under § 1983. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) ("[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisoners" of which "we do not approve," but which do not violate the Eighth Amendment.); Morgan v. Ward, 699 F.Supp. 1025, 1055 (N.D.N.Y. 1988) (same). This is true even when the verbal harassment has sexual undertones. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir. 1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); Somers, 109 F.3d at 624). Plaintiff's allegations that officer Dickson made derogatory sexual comments on two separate occasions fails to give rise to a constitutional violation. The Court will grant Plaintiff an opportunity to amend the complaint, if he can do so in good faith.

### C.     Prison Rape Elimination Act

The Prison Rape Elimination Act, 42 U.S.C. § 15602, does not give rise to a private cause of action. See Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *3 (E.D. Cal. Dec. 15, 2009) (Prison Rape Elimination Act does not create a private right of action, nor does it create a right

enforceable under Section 1983); <u>Inscoe v. Yates</u>, No. 1:08-cv-01588-DLB PC, 2009 WL 3617810, at

*3 (E.D. Cal. Oct. 28, 2009). Accordingly, Plaintiff cannot state a cognizable section 1983 claim

based on the Prison Rape Elimination Act.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. <u>Noll v.</u>

<u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.

2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

<u>Iqbal</u>, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

. ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All

causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.

1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.      Plaintiff's complaint, filed February 10, 2017, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action

2          will be dismissed for failure to state a claim.

3

4

5    IT IS SO ORDERED.

6    Dated:   **April 18, 2017**

7          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28