# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GALLEGOS,<br><br>    Plaintiff,<br><br>v.<br><br>MANUEL PEREZ, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00183-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 1, 6, 7] |

Plaintiff Johnny Gallegos is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 27, 2017. Local Rule 302.

On April 19, 2017, the Court dismissed Plaintiff's complaint for failure to state a claim under section 1983 and ordered Plaintiff to file an amended complaint within thirty days. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.[1] Therefore, on May 30, 2017, the Court ordered Plaintiff to show cause within twenty-one days why the action should not be dismissed for failure to comply with a court order and failure to

---

[1] **Error! Main Document Only.** On May 3, 2017, the United States Postal Service returned the order as undeliverable. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1

state a cognizable claim for relief.[2]

More than twenty-one days have since passed, and Plaintiff has not complied with or otherwise responded to the Court's order. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. There is no pleading on file which sets forth any claims upon which relief may be granted. Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, based on Plaintiff's failure to comply with a court order and for failure state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

Dated:  **June 27, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[2] On June 13, 2017, the United States Postal Service returned the order as undeliverable.